IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 19-cr-00113-WJM

UNITED STATES OF AMERICA,

       Plaintiff,

v.

**1.    YI HE,**

       Defendant.

---

**UNOPPOSED MOTION FOR AN ENDS OF JUSTICE CONTINUANCE OF TRIAL
PURSUANT TO 18 U.S.C. § 3161(h)(1) & 7(A)**

---

    Comes now the Defendant, Yi He, by and through his attorney of record, Andres R. Guevara of the Law Office of Andres R. Guevara, and hereby moves this Court for an order pursuant to 18 U.S.C. §3161(h)(1) & 7(A) for a 90-day ends of justice continuance, and states as follows:

    1.    Undersigned counsel has discussed the need to file this motion for continuance with Mr. He through an interpreter and he has consented to the filing of this motion and agrees that the ends of justice will best be served by the granting of such a motion and that such interests outweigh the best interest of the public and Mr. He in a speedy trial.

    2.    Undersigned counsel has also conferred with Assistant United States Attorney Aaron Teitelbaum, who stated that the Government is unopposed to this motion.

    3.    Mr. He is charged in a three-count Indictment (ECF No. 1).  Mr. He is charged with committing a violation of: (a) 21 U.S.C. §§ 846 and 841(b)(1)(A)(vii),

Conspiracy to Manufacture and Possess with Intent to Distribute 1,000 more Marijuana Plants; (b) 21 U.S.C. § 841(a)(1) and (b)(1)(A)(viii), Manufacturing and Possessing with Intent to Distribute 1,000 or more Marijuana Plants; and (c) 21 U.S.C. § 841 (a)(1), Using and Maintaining a Drug-Involved Premises. Mr. He is charged with felony counts that carry the potential range from a mandatory minimum of ten years imprisonment up to life.

    4.    A Discovery Conference and Arraignment was held on May 24, 2019 at which time Mr. He entered not guilty please. (ECF. No. 16).  On June 4, 2019, the Court set a motions deadline for July 2, 2019 with a five-day jury trial to commence July 22, 2019.  (ECF No. 28).

    5.    Undersigned counsel has been diligently reviewing discovery.  Although the number of discovery pages is not particularly voluminous, at this moment undersigned counsel needs time sufficient to review all of the materials provided and to independently conduct an investigation into the facts of the case.  Investigation is complicated by the fact that witnesses and the client speak Mandarin and undersigned must translate documents and have an interpreter present for all aspects of the investigation and client meetings.  Moreover, at present the government is only providing discovery related to this particular indictment number.  Undersigned counsel is aware, however, that a series of potentially interrelated matters were the subject of a large federal and state investigation involving numerous alleged marijuana grow locations and defendants.  Undersigned counsel, as part of the current investigation, is reviewing these other matters to the extent possible and may be requesting additional

discovery related to these other matters.

6.  For these reasons, Mr. Castro asks the Court to find that the ends of justice outweigh the interest of the public and the defendant in a speedy trial, and thereby exclude 90 days from the Speedy Trial Act's calculation. See 18 U.S.C. § 3161(h)(7)(A). Consistent with the guidance provided in *United States v. Toombs,* 574 F.3d 1262 (10th Cir. 2009), the factors that support the requested continuance pursuant to 18 U.S.C. § 3161(h)(1) & (7)(A) are as follows:

> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into the account the exercise of due diligence.

18 U.S.C. § 3161 (h)(7)(B)(iv).

7.  Although no single factor is determinative of whether to grant or deny a continuance, courts look at several factors, including: "the diligence of the party requesting the continuance; the likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance; the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance; the need asserted for the continuance and the harm that appellant might suffer as a result of the district court's denial of the continuance." *United States v. West,* 828 F.2d 1468, 1470 (10th Cir. 1987).

a.   Diligence

Undersigned counsel submits that he has been diligent in his efforts to prepare and to seek a continuance of the trial dates.  Undersigned has been recently appointed and has not had an opportunity to complete a review of the discovery in the case or to complete an investigation into the allegations.   This motion has been filed without any undue delay by undersigned counsel, and is being filed immediately after undersigned had the opportunity to confer with Mr. He about the instant motion.  No undue delay has occurred in preparation of the instant matter.  Considering the need to review the discovery, conduct a proper investigation, and obtain and review further records, undersigned counsel's good faith estimate is that an additional 90 days of excludable time is needed to accomplish these goals and to prepare for trial.

b.   Usefulness of the Continuance

A continuance is necessary to evaluate and review the discovery and prepare for trial.  A continuance serves a useful purpose in that it permits undersigned counsel to adequately advise his client, evaluate the allegations, conduct an investigation, interview witnesses and consult with potential expert witnesses.  Without first being able to properly review the discovery, undersigned counsel will not be able to effectively prepare for trial.

c.   Inconvenience

Undersigned counsel has not been informed as to any inconvenience in granting a continuance for 90 days.  It is submitted that in the absence of any contrary evidence, the Court need not presume any inconvenience will result from the delay.  *See, e.g., West,* 828 F.2d at 1470.

d.   Need and Prejudice

Although there is no "mechanical test" applied when considering a motion to exclude time from the Speed Trial clock, the "most important factor to consider, however, is the defendant's need for a continuance and the prejudice resulting from its denial." *Id.* at 1471.  As previously noted, taking into the account the exercise of due diligence, Mr. He cannot effectively defend against the charges within the current deadlines.  Moreover, considering the nature of the potential penalties and the need to coordinate and communicate through a Mandarin interpreter, time is need to thoroughly translate and explain the evidence, documents and legal matters to Mr. He—the additional, requested time will ensure that Mr. He is not prejudiced.

WHEREFORE, the Defendant Yi He respectfully moves this Court to enter an order pursuant to 18 U.S.C. § 3161(h)(1) & (7)(A) for a ends of justice continuance for a period of 90 days and for any other and further relief the Court may deem just and proper.

Dated:  June 23, 2019

          Respectfully submitted,

          ANDRES R. GUEVARA
          Law Office of Andres R. Guevara


          s/ Andres R. Guevara
          ANDRES R. GUEVARA
          Law Office of Andres R. Guevara
          2806 N. Speer Blvd
          Denver, CO 80211
          Telephone:  (720) 379-8262
          FAX: (720) 699-6808
          E-mail:andres@guevaracoloradolaw.com
          Attorney for Yi He

**CERTIFICATE OF SERVICE (CM/ECF)**

      I hereby certify that on June 23, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to any and all attorneys authorized to receive service

      s/ Andres R. Guevara
ANDRES R. GUEVARA
Law Office of Andres R. Guevara
2806 N. Speer Blvd
Denver, CO 80211
Telephone: (720) 379-8262
FAX: (720) 699-6808
E-mail:andres@guevaracoloradolaw.com
Attorney for Yi He